IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, S
2008 DEC -8  P 3: 36

| | |
|---|---|
| JOHN H. KNIGHT, ) | |
| ) | |
| ) | CIVIL ACTION NO. 9:07-3902-HFF-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on November 5, 2003, alleging disability as of April 1, 2003 due to post-traumatic stress disorder (PTSD). (R.pp. 56-58, 74, 106, 119, 122). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on July 25, 2006. (R.pp. 277-303). The ALJ thereafter denied Plaintiff's claim in a decision issued April 3, 2007. (R.pp. 15-25). The Appeals Council denied Plaintiff's request for a review of the decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 5-8).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to



deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was fifty-four (54) years old when he alleges he became disabled, has a high school education with past relevant work experience as a project technician, supervisor, engineer assistant, electric utility worker, machine maintenance



worker, welder, and vocational instructor. (R. pp. 40-41, 56, 66, 71, 75-76, 78, 83-90, 282-286, 299-300). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from PTSD which is a severe impairment[1], and is unable to perform any of his past relevant work, he nevertheless retains the residual functional capacity to perform simple routine work in a low stress supervised environment with no ongoing interaction with the public, and is therefore not disabled. (R. pp. 20-23).

Plaintiff asserts that in reaching this decision, the ALJ erred by improperly evaluating the opinions of Plaintiff's treating and evaluating physicians, by failing to consider the VA decision of disability that was included in the transcript, by failing to properly consider the effects Plaintiff's severe headaches had on his ability to work, and by failing to properly assess Plaintiff's credibility. After careful review and evaluation of the ALJ's decision and the record in this case, the undersigned is constrained to agree with the Plaintiff that the ALJ committed reversable error in reaching his decision in this case.

As noted, after consideration of the evidence, the ALJ determined that, notwithstanding Plaintiff's PTSD, he retained the residual functional capacity to perform simple

---

[1] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a) ["An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities"]; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

3

routine work in a low stress environment with no ongoing interaction with the public. However, Plaintiff's treating psychiatrist, Dr. Susan Haverstock, opined on multiple occasions that Plaintiff's PTSD, depression and psychosis resulted in a GAF score of 38- 40,[2] and that he was unemployable due to his PTSD. See generally, R. pp. 141-144, 149, 156, 160-161, 164-165, 169-174, 176-178. Treating physicians' opinions as to the nature and severity of a claimed impairment are entitled to controlling weight if they are well supported by medically acceptable clinical and laboratory diagnostic techniques, and are not inconsistent with the other substantial evidence in the record. See Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996) [noting importance to be accorded to treating physician's opinion]; Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) ["The opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence"]. Further, if a treating physician's opinion is to be rejected, the ALJ is required to provide a specific explanation for why that opinion is being rejected. Morales v. Apfel, 225 F.3d 310, 317-318 (3rd Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of medical opinions].

However, in reading his decision the ALJ does not even mention Dr. Haverstock, nor does he discuss her findings and opinion (other than in the context of generally referring to the records from the Augusta Veteran's Medical Center contained in "Exhibit 3 F", which includes the GAF assessment of 38-40). While the ALJ does find that Plaintiff's combination of impairments

---

[2] "Clinicians use a GAF [Global Assessment of Functioning] to rate the psychological, social, and occupational functioning of a patient." Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 597 n.1 (9th Cir. 1999). "A GAF score of 31-40 indicates 'some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking, or mood.'" Kirves v. Callahan, No. 96-5179, 1997 WL 210813 at **2 (6th Cir. Apr. 25, 1997).

4

"causes significant limitation in [his] ability to perform basic work activities," he concludes that Plaintiff's mental impairment results in no greater than mild restrictions in his activities of daily living and moderate restrictions in maintaining social functioning and maintaining concentration, persistence and pace. (R. pp. 21-22). In making this finding, however, the ALJ does not discuss Dr. Haverstock's contrary medical opinion, or why he rejected the assessment arrived at by Dr. Haverstock as Plaintiff's treating physician. Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225, at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of plaintiff's treating physicians]; see also SSR 96-8p ["The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non-medical evidence (e.g. daily activities, observations)].

      The ALJ also appears to place great weight on the opinions of two state agency medical consultants who, after reviewing Plaintiff's medical records, opined on June 9, 2004 and November 9, 2004, respectively, that Plaintiff had mild to moderate limitations on his activities of daily living (although only one found that Plaintiff's limitations in this area were "mild", the finding of the ALJ, with other stating they were "moderate"), with moderate limitations on social functioning, concentration, persistence and pace. (R. pp. 23, 194-212, 217-233). While the ALJ was certainly entitled to consider these state agency medical opinions in reaching his decision; see Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986)[Opinion of non-examining physician can constitute substantial evidence to support the decision of the Commissioner]; he cannot simply adopt the opinions of non-examining physicians while rejecting the opinion of a treating physician in a summary manner, as was done in this case. See SSR 96-2p; Morales, 225 F.3d at 317-318 [ALJ must



5

explicitly weigh the evidence and explain his rejection of the medical opinions]; Coffman, 829 F.2d at 517 [Treating physician opinions entitled to great weight absent persuasive contradictory evidence]. Indeed, the Defendant apparently recognizes this flaw in the decision since, contrary to what was done by the ALJ, the Defendant specifically discusses Dr. Haverstock's records and opinions and makes arguments as to why her opinion could be properly discounted. However, the Defendant's arguments in his brief are, at this point, mere post hoc arguments that are not entitled to any weight by this Court. Chambliss v. Astrue, No. 07-360, 2008 WL 4102648 at *7 (S.D.Ala. Aug. 29, 2008)["The Commissioner's post-hoc rationalizations cannot be used to affirm the ALJ's decision."], quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)["We decline . . . . to affirm simply because some rationale might have supported the ALJ's conclusion. Such approach would not advance the ends of reasoned decision making."] It is the ALJ who must have performed this analysis if he was going to reject the opinion of Plaintiff's treating psychiatrist. Cf. Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; Morales, 225 F.3d at 317-318 [ALJ must explicitly weigh the evidence and explain his rejection of medical opinions]; Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 654-655 (8th Cir. 2004) [noting that ALJ's improper consideration of evidence in evaluating impairment in social functioning warranted remand].

Finally, although a remand is being recommended for the reasons cited, the undersigned does not find that a remand for an award of benefits is warranted at this time. Before a definitive decision can made on Plaintiff's claim, an *appropriate* review and analysis must be made of the evidence and of Plaintiff's claims *by the ALJ* before the Court can reach a decision on whether substantial evidence supports the decision rendered. Cf. Vertigan v. Halter, 260 F.3d 1044, 1054 (9th

6

Cir. 2001)[Remand for an award of benefits is only appropriate "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed"] (Quoting Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989)); Sorenson v. Bowen, 888 F.2d 706, 713 (10th Cir. 1989)["Outright reversal and remand for immediate award of benefits is [only] appropriate when additional fact finding would serve no useful purpose"]. As for the remainder of Plaintiff's complaints concerning the decision, on remand the ALJ will be able to reconsider and re-evaluate Plaintiff's credibility and the evidence as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of a proper evaluation, discussion and findings with respect to the opinion of Plaintiff's treating psychiatrist, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

Implement

---
Bristow Marchant
United States Magistrate Judge

December 8, 2008
Charleston, South Carolina

